UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGEL TABE, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>ALLIED BARTON SECURITY SERVICES, )<br>)<br>Defendant. )<br>) | Case No.: 1:07-cv-02043 (RWR) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant AlliedBarton Security Services (hereinafter "AlliedBarton" or "Defendant") and files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

1.　　Defendant admits that Plaintiff's Complaint purports to demand a jury trial and purports to set forth a claim against Defendant for an alleged failure to accommodate her alleged disability under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*. ("ADA").  Except as expressly admitted herein, Defendant denies any and all remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2.　　Defendant admits that Plaintiff presented a copy of Exhibit 1 to Defendant on or about November 10, 2004, but denies Plaintiff's characterization of the contents of Exhibit 1 on the grounds that the document speaks for itself.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of Plaintiff's allegations that Exhibit 1 is from Dr. Rosita H. Dee, M.D., P.A., or that Plaintiff purportedly asked Mr. Milling to put "the decision in writing" and, therefore, denies those allegations.  Except as expressly admitted herein, Defendant denies any and all remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3. Defendant denies Plaintiff's characterization of the contents of Exhibit 2 to Plaintiff's Complaint on the grounds that the document speaks for itself and denies any and all remaining allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits, upon information and belief, that Plaintiff had been previously employed by Wackenhut Corporation, and admits that Plaintiff successfully completed Defendant's pre-employment testing to become an employee of Barton Protective Services LLC ("Barton"), which later became AlliedBarton through a merger and name change, and that AlliedBarton currently employs more than 37,000 employees. Plaintiff's allegation that Defendant meets the statutory definition of an employer is a legal conclusion to which no response is required; to the extent a response is necessary, Defendant denies that allegation. Except as expressly admitted herein, Defendant denies any and all remaining allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendant denies any and all allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that Plaintiff purports to request a jury trial in Paragraph 6 of Plaintiff's Complaint. Except as expressly admitted herein, Defendant denies any and all remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies any and all allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies any and all allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that Plaintiff began working as a Security Officer for Barton beginning on or about June 1, 2004, when Barton began providing security services for the International Monetary Fund, and admits, upon information and belief, that Wackenhut Corporation had previously provided security services for the International Monetary Fund.

Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of Plaintiff's allegations regarding her employment with Wackenhut Corporation and, therefore, denies those allegations. Except as expressly admitted herein, Defendant denies any and all remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits that Exhibit 4 to Plaintiff's Complaint purports to be Plaintiff's Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC"), and that Exhibit 5 to Plaintiff's Complaint includes a copy of Defendant's May 23, 2005 Position Statement submitted to the EEOC in response to Plaintiff's Charge of Discrimination. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of Plaintiff's allegation that Exhibit 6 to Plaintiff's Complaint constitutes Plaintiff's "Rebuttal" to Defendant's Position Statement and, therefore, denies that allegation. Except as expressly admitted herein, Defendant denies any and all remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies Plaintiff's characterization of the contents of Exhibits 7 and 8 to Plaintiff's Complaint on the grounds that the documents speak for themselves. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of Plaintiff's remaining allegations in Paragraph 11 of the Complaint and, therefore, denies any and all remaining allegations in Paragraph 11 of the Complaint.

12. Defendant denies Plaintiff's characterization of the contents of Exhibit 9 to Plaintiff's Complaint on the grounds that the document speaks for itself. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of Plaintiff's allegation as to what Exhibit 9 purportedly is and, therefore, denies that allegation and denies any and all remaining allegations in Paragraph 12 of the Complaint.

13. Defendant denies any and all allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits that Plaintiff purports to seek various forms of relief in Paragraph 14 of Plaintiff's Complaint, but denies that Plaintiff is entitled to the relief specified in Paragraph 14 of the Complaint or to any relief whatsoever. Except as expressly admitted herein, Defendant denies any and all remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies any and all allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies any and all allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies any and all allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies any and all allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies any and all allegations in Paragraph 19 of Plaintiff's Complaint.

Any and all allegations in Plaintiff's Complaint which have not been expressly admitted hereinabove are hereby denied. By way of further answer, Defendant responds as follows:

**FIRST DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, due to Plaintiff's failure to exhaust her administrative remedies and/or Plaintiff's failure to cooperate with the EEOC's investigation of her Charge of Discrimination.

**THIRD DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff is not disabled within the meaning of the ADA.

**FOURTH DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff is not a "qualified individual with a disability" within the meaning of the ADA.

**FIFTH DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff unreasonably failed to engage in the interactive process with regard to any purported request for a reasonable accommodation.

**SIXTH DEFENSE**

All actions taken by Defendant with respect to Plaintiff were taken for legitimate, non-discriminatory reasons.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because at all times Plaintiff's employment was at-will.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of laches, unclean hands, estoppel, waiver, avoidable consequences, after-acquired evidence, unjust enrichment and principles of equity.

**NINTH DEFENSE**

If Plaintiff sustained injuries and damages as alleged in Plaintiff's Complaint, or otherwise, said injuries and damages were caused by Plaintiff's own actions, omissions or negligence and not by any conduct of Defendant.

**TENTH DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, due to Plaintiff's failure to mitigate any alleged damages. In the alternative, to the extent Plaintiff has mitigated any alleged damages, Defendant is entitled to a set-off for any interim earnings, benefits or other income.

**ELEVENTH DEFENSE**

Plaintiff's Complaint fails to state a claim for punitive damages.

Defendant reserves the right to supplement its defenses based upon information obtained through discovery.

WHEREFORE, having fully answered the Complaint, Defendant prays that Plaintiff's Complaint be dismissed in its entirety with prejudice, that judgment be entered in favor of Defendant, that costs, including attorneys' fees, be awarded to Defendant, and that such other and further relief as the Court deems just and proper be granted to Defendant.

Respectfully submitted this 5th day of December, 2007.

**MCCOLLUM & ASSOCIATES, LLC**

    /s/
James E. McCollum, Jr. (D.C. Bar No. 398117)
Amit K. Sharma (Federal Bar No. MD16660)
7309 Baltimore Avenue, Suite 117
P.O. Box 1717
College Park, MD 20741-1717
Telephone: (301) 864-6070
Facsimile: (301) 864-4351

   -and-

**MARTENSON, HASBROUCK & SIMON LLP**
Marty N. Martenson, Esq. (Ga.Bar No. 471100)
Donna L. Keeton (Ga. Bar No. 006961)
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA 30326
Telephone: (404) 909-8100
Facsimile: (404) 909-8120

**ATTORNEYS FOR DEFENDANT**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGEL TABE, )<br>)<br>Plaintiff )<br>)<br>vi. )<br>)<br>ALLIED BARTON SECURITY SERVICES, )<br>)<br>Defendant. )<br>) | Case No.: 1:07-cv-02043 (RWR) |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document entitled **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** has been filed with the Court via the Court's Electronic Case Filing and Case Management System, and that a true and correct copy, along with a copy of the notice of electronic filing, has been served on Plaintiff *pro se* via U.S. First Class Mail, proper postage affixed, addressed as follows:

> Angel Tabe
> 614 Ethan Allen Ave.
> Takoma Park, MD 20912

This 5th day of December, 2007.

> /s/
> James E. McCollum, Jr.

7