UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGEL TABE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-02043 (RMU) |
| | ) |
| ALLIED BARTON SECURITY SERVICES, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE

Pursuant to Fed. R. Civ. P. 26(f), LCvR 16.3, and the Court's Order of January 8, 2008, the

parties hereby state that counsel for the parties (Alan Banov and Donna L. Keeton) conferred on

February 21, 2008, and submit the following report of that conference:

1.     Summary of Claims and Statement of Jurisdiction:  Plaintiff Angel Tabe, a former

employee of Defendant AlliedBarton Security Services LLC, alleges that Defendant violated the

Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), when it failed to provide

reasonable accommodations for her disability (leg and back problems) by, *inter alia*, refusing to

permit her to wear her protective back brace at work and failing to engage in the interactive

process and, instead, summarily dismissing her in retaliation for complaining about its failure to

accommodate her disability.  Defendant denies Plaintiff's allegations and asserts that Plaintiff is

not disabled and, even assuming she were, Plaintiff's claim for failure to accommodate her

alleged disability fails as a matter of law due to Plaintiff's refusal to engage in the interactive

process.  Defendant further denies that it unlawfully terminated Plaintiff or otherwise retaliated

against Plaintiff and denies that any purported retaliation claim by Plaintiff is properly before the

Court.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331; 42 U.S.C. § 12117; and

2

42 U.S.C. § 2000e-5.

2.     Case Scheduling:  The parties do not believe that discovery should be stayed at this time for dispositive motions.

3.     Joinder/Amendment/Narrowing:  Although the parties do not anticipate the need to join third parties, they agree that the parties may amend the pleadings by May 9, 2008.  Since Plaintiff filed a *pro se* complaint, her new counsel likely will amend her complaint.

Plaintiff believes that the legal and factual issues center upon whether Defendant violated the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12101, by failing reasonably to accommodate Plaintiff's disability and by discharging her in retaliation for complaining about the employer's failure to accommodate her disability, and if so, what the appropriate amount of damages would be.

Defendant denies that it violated the ADA and asserts that, even assuming Plaintiff has a disability within the meaning of the ADA, which Defendant denies, Plaintiff's ADA claim fails as a matter of law because Plaintiff refused to engage in the interactive process.  Defendant further denies that it unlawfully terminated Plaintiff or otherwise retaliated against Plaintiff, and asserts that Plaintiff effectively resigned when she refused to meet with Defendant to discuss her continued employment.  As such, Defendant denies that Plaintiff is entitled to any damages in this matter.

4.     Assignment to Magistrate Judge:  Plaintiff consents to assignment to a magistrate judge for any purpose.  However, Defendant does not consent to any such assignment.

5.     Settlement Possibility:  The parties are willing to explore the possibility of settlement at this time, and Plaintiff will soon present a settlement offer to Defendant.

3

6.      Alternative Dispute Procedures:  Although the parties are willing to engage in informal settlement discussions, Plaintiff proposes that the Court refer this case to ADR when the Court rules on any dispositive motions to promote efficiency and encourage the parties to use the ADR processes, so as to further the goal of bringing about an effective, satisfactory resolution to this matter.  Defendant proposes that this matter not be formally referred to ADR, but that the parties be permitted to continue informal settlement discussions, and, should they determine that ADR might be beneficial, the parties can mutually agree to some form of ADR, most likely non-binding arbitration by an arbitrator to be selected by the parties.

7.      Dispositive Motions:  The parties propose that (1) any post-discovery dispositive motion(s) be filed within 30 days after the close of discovery; (2) that any opposition to such motion(s) be filed within 30 days after the filing of such dispositive motion(s); and (3) any reply to such opposition be filed within 15 days after the filing of such opposition.

8.      Initial Disclosures:  The parties propose that they serve the initial disclosures authorized under Fed. R. Civ. P. 26(a)(1) within 30 days after the initial scheduling conference.

9.      Discovery:  The parties propose that the Court set a discovery schedule for this case in accordance with the attached proposed Scheduling Order.  The parties will need between five to six months to complete discovery and propose that discovery be completed by August 29, 2008.  The parties request that they each be permitted to serve 30 interrogatories.  The parties agree to limit depositions to 10 per side, with each deposition limited to seven hours, absent extenuating circumstances and/or agreement of counsel.  To protect sensitive personal, confidential, and medical information exchanged throughout the course of discovery in this case, the parties will submit an appropriate protective order for the Court's approval.

4

10.    <u>Experts</u>:  The parties propose that Plaintiff's expert disclosures be served within 60 days after the initial scheduling conference, and that Defendant's expert disclosures be served within 30 days after service of Plaintiff's expert disclosures.

11.    <u>Class Action Procedures</u>:  Not applicable.

12.    <u>Bifurcation of Discovery or Trial</u>:  At present the parties do not see any need for bifurcation.

13.    <u>Proposed Date for the Pre-trial Conference</u>:  Plaintiff proposes that the Court establish a date certain for the pre-trial conference in the initial scheduling order, to avoid delays and foster proactive efforts by the parties to prepare for trial.  Defendant proposes that the Court set the pre-trial conference date after the Court rules on any timely-filed post-discovery dispositive motions, and that the pre-trial conference be set no sooner than 45 days after the Court's ruling on any such dispositive motions to allow the parties sufficient time to discuss what issues, if any, remain for trial and prepare the necessary disclosures and submissions prior to the pre-trial conference.

14.    <u>Trial Date</u>:  Plaintiff proposes that the court schedule the trial in its initial scheduling order for a date certain during the winter of 2008 or the spring of 2009.  Defendant proposes that the Court schedule the trial at the pre-trial conference.

15.    <u>Other Matters:</u>  None.

5

Dated this 6th day of March, 2008.

Respectfully submitted,


/s/ Alan Banov
Alan Banov, Esq.  (#95059)
Alan Banov & Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910
301-588-9699; Fax:  301-588-9698
abanov@banovlaw.com

Attorney for Plaintiff




/s/  Donna L. Keeton
Marty N. Martenson, Esq. (Ga. Bar #471100)
Donna L. Keeton, Esq. (Ga. Bar #006961)
Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA  30326
404-909-8100
404-909-8120 (fax)

 - and -

/s/  James E. McCollum
James E. McCollum, Jr., Esq. (#398117)
Amit K. Sharma, Esq. (#503604)
McCollum & Associates, LLC
7309 Baltimore Avenue, Suite 117
P.O. Box 1717
College Park, MD  20740-1717

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANGEL TABE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civil Action No. 07-02043 (RMU) | |
| | ) | |
| ALLIED BARTON SECURITY SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>INITIAL SCHEDULING ORDER</u>

UPON CONSIDERATION of the parties' Joint Report of Local Rule 16.3 Conference

and the entire record herein, it is this ____ day of March, 2008, hereby ORDERED that the

parties shall abide by the following dates, deadlines, and limitations:

Number of interrogatories per party:  30

Number of depositions per party:  10

| | |
|---|---|
| April 14, 2008 | Initial disclosures to be exchanged |
| May 9, 2009 | Deadline to amend pleadings |
| May 13, 2008 | Plaintiff's expert report due |
| June 13, 2008 | Defendant's expert report due |
| August 29, 2008 | Completion date for all discovery |
| September 29, 2008 | Deadline for filing dispositive motions |
| October 29, 2008 | Deadline for filing oppositions to dispositive motions |
| November 12, 2008 | Deadline for filing replies to dispositive motions |
| _____ | Decision on dispositive motions and referral to ADR |
| _____ | Pretrial conference (Tentative) |

2

Date: _____          _____

RICARDO M. URBINA
JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Copies to:
Alan Banov, Esq.
Alan Banov & Associates
8401 Colesville Road
Suite 325
Silver Spring, MD 20910

Marty N. Martenson, Esq.
Donna L. Keeton, Esq.
Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA  30326

James E. McCollum, Jr., Esq.
Amit K. Sharma, Esq.
McCollum & Associates, LLC
7309 Baltimore Avenue, Suite 117
P.O. Box 1717
College Park, MD  20740-1717