UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
ANGEL TABE,                                 )
                                            )
       Plaintiff,                           )
                                            )
       v.                                   ) Case No.1:07-CV-02043 (RMU)
                                            )
ALLIED BARTON SECURITY SERVICES,            )
                                            )
       Defendant.                           )
_____)

## JOINT MOTION FOR A STIPULATED PROTECTIVE ORDER

The parties, through their undersigned counsel, hereby respectfully move the Court to enter an agreed-upon Protective Order governing use of any confidential records that will be disclosed in this litigation, as well as any other confidential information disclosed in this litigation pursuant to Fed. R. Civ. P. 26(c).

The parties anticipate that, during the course of litigation, there may be disclosure of trade secrets, confidential, private, financial, personal and business information of Defendant AlliedBarton Security Services (hereinafter "AlliedBarton" or "Defendant"), or Defendant AlliedBarton's employees and/or customers and/or the disclosure of confidential medical records, mental health and personal information of Plaintiff, which is or may be protected under the Health Insurance Portability and Accountability Act (HIPAA), Public Law 104-191, as codified, *inter alia*, in 42 U.S.C. § 1320dd-6; *see also* 45 C.F.R. § 164.104, the D.C. Mental Health Information Act, D.C. Code §§ 7-1201.01-1208.07, and other applicable laws, including laws and regulations protecting health information and personnel/employment matters. The release and/or exchange of the requested information without a protective order in place would

compromise the privacy and/or other rights of Plaintiff, Defendant and/or other individuals or entities whose personal or confidential information may be contained in these records.

WHEREFORE, the parties respectfully move this Court to issue a Protective Order pursuant to the parties Joint Stipulation and Protective Order attached hereto.

Respectfully submitted,

Agreed to:

| 4/21/08 | /s/ Alan Banov |
|---|---|
| Date | ALAN BANOV #95059 |
| | Alan Banov & Associates |
| | 8401 Colesville Road, Suite 325 |
| | Silver Spring, MD 20910 |
| | Phone: (301) 588-9699 |
| | Fax: (301) 588-9698 |
| | abanov@banovlaw.com |

Attorney for Plaintiff

| 4/30/08 | /s/ Donna L. Keeton |
|---|---|
| Date | Marty N. Martenson (Ga. Bar No. 471100) |
| | Donna L. Keeton (Ga. Bar No. 006961) |
| | Martenson, Hasbrouck & Simon LLP |
| | 3379 Peachtree Road, N.E., Suite 400 |
| | Atlanta, GA 30326 |
| | Telephone: (404) 909-8100 |
| | Facsimile: (404) 909-8120 |

-and-

James E. McCollum, Jr., Esq. (#398117)
Amit K. Sharma, Esq. (#503604)
McCollum & Associates, LLC
7309 Baltimore Avenue, Suite 117
P.O. Box 1717
College Park, MD 20741-1717
Telephone: (301) 864-6070
Facsimile: (301) 864-4351

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGEL TABE, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|        v. | ) Civil Action No. 07-02043 (RMU) |
| | ) |
| ALLIED BARTON SECURITY SERVICES, | ) |
| | ) |
|        Defendant. | ) |
| _____ | ) |

## JOINT STIPULATION AND PROTECTIVE ORDER

**WHEREAS**, discovery in this action involves or will involve the disclosure of trade secrets, confidential, private, financial, personal and business information of AlliedBarton Security Services (hereinafter "AlliedBarton" or "Defendant") and of Defendant AlliedBarton's employees and/or customers; and

**WHEREAS**, discovery in this action may involve the disclosure of medical records and personal and financial information of Plaintiff;

**WHEREAS**, the parties agree that the only documents to be marked "Confidential" in this case will be those documents produced by Defendant that involve the disclosure of trade secrets, confidential, private, financial, personal and business information of Defendant or Defendant's employees and/or customers and those documents produced by Plaintiff that involve the disclosure of medical or financial information of Plaintiff; and

**WHEREAS**, it is stipulated and agreed between the parties to this action through their respective counsel, that a Protective Order should be entered in the above-captioned case;

       **IT IS HEREBY ORDERED** that:

       1.       Plaintiff, Plaintiff's counsel and Defendant's counsel agree that all documents

produced during the course of this litigation, and marked "Confidential" as described above, shall not be shown, discussed, or otherwise divulged to anyone unless and until the notice and confidentiality requirements specified in the following paragraphs have been fulfilled.

2.  The information described in Paragraph 1, in addition to any other similar documents which may be produced in response to discovery requests, shall be subject to the following restrictions:

   A.  The protected documents shall not be used for any purpose other than this litigation and under no circumstances shall the protected documents be used for any personal, business, competitive, or other purposes whatsoever.

   B.  None of the protected documents shall be given, shown, made available, or communicated in any way to anyone other than counsel of record for the Plaintiff and Defendant in this litigation, paralegals and/or clerical staff, trial witnesses (expert and fact), any reporter recording the deposition testimony in this action, the Court and jury in the course of judicial proceedings in this case, and to any other person if necessary and essential to aid in the preparation of this case. During any deposition noticed in connection with this case, a witness or any counsel may indicate, that a question calls for protected, non-public, or confidential information, or that an answer has disclosed protected, non-public, or confidential information. Such information may be so designated either during the deposition, or by written notice to the reporter and to all counsel of record, given within ten (10) business days after the date of the reporter's written notice to the deponent or its counsel that the transcript is available for review, in which case the reporter and all counsel receiving notice of the designation shall be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party.

When a designation is made during a deposition, upon request of counsel, all persons, except persons entitled to receive protected, non-public, or confidential information pursuant to this Order shall leave the room where the deposition is proceeding until completion of the answer or answers containing protected, non-public, or confidential information.

      C.    It is the responsibility of counsel in this litigation to maintain all of the protected documents in a secure and appropriate manner so as to allow access to any of the protected documents only to persons permitted by this Protective Order.

      D.    To the extent that any of the protected documents or portions thereof are contained in or attached to any materials filed with the Court, such materials shall be filed under seal. If any party intends to file any motion, opposition, reply or any other filing prior to hearing and attach thereto or set forth information that has been designated as subject to this Order, including portions of deposition testimony or exhibits that contain, reference, or discuss information subject to this Order, such filing, to the extent that it includes limited reference to protected information, may be filed in sealed envelopes bearing the name and civil action number of the case and the words "under seal." Finally, no party shall disclose protected, non-public, or confidential documents or information in an open session of the United States District Court for the District of Columbia without prior approval by this Court.

      E.    Each person to whom any protected documents are given, shown, made available or communicated, with the exception of Defendant AlliedBarton's management, shall agree in writing to be bound by the terms of this Order and shall execute the Confidentiality Agreement attached as Appendix "A". Counsel for the party giving, showing, making available, or communicating the protected documents to another shall be

required to maintain a file of each such written agreement, referred to as the Confidentiality Agreement file.

  F. In any proceeding initiated by Plaintiff or Defendant to gain relief from a violation of this Order, the Confidentiality Agreement file and its contents will be made available to the Court and the party initiating the proceeding.

  G. All documents, and copies made of those documents, designated as subject to this Order, shall be destroyed or returned to opposing counsel within sixty (60) days of the conclusion of this litigation, by settlement or adjudication, including any appellate proceedings.

  H. The inadvertent or unintentional disclosure of any protected documents, including attorney-client privileged materials, shall not be construed to be a waiver, in whole or in part of a claim of confidentiality either as to the specific protected document disclosed or as to any other related information.

  I. Designation of any protected documents to be subject to this Order shall have no meaning or affect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of the Plaintiff or Defendant.

  J. The agreement of the parties stipulated in this Order does not constitute an admission or agreement that any protected document is subject to this discovery, or is admissible as evidence, in this case.

3. This Order is without prejudice to the right of any party to seek modification to this Order from the Court with respect to any specific protected information or document.

Agreed to by:

| | |
|---|---|
|  4/24/08  | /s/ Alan Banov |
| Date | Alan Banov (#95059) |
| | Alan Banov & Associates |
| /s/ Angel Tabe | 8401 Colesville Road, Suite 325 |
| Angel Tabe | Silver Spring, MD 20910 |
| <u>Plaintiff</u> | Telephone: (301) 588-9699 |
| | Facsimile: (301) 588-9698 |
| | abanov@banovlaw.com |

<u>Attorney for Plaintiff</u>

| | |
|---|---|
|  4/30/08  | <u>/s/ Donna L. Keeton</u> |
| Date | Marty N. Martenson (Ga. Bar No. 471100) |
| | Donna L. Keeton (Ga. Bar No. 006961) |
| | Martenson, Hasbrouck & Simon LLP |
| | 3379 Peachtree Road, N.E., Suite 400 |
| | Atlanta, GA 30326 |
| | Telephone: (404) 909-8100 |
| | Facsimile: (404) 909-8120 |

-and-

James E. McCollum, Jr., Esq. (#398117)
Amit K. Sharma, Esq. (#503604)
McCollum & Associates, LLC
7309 Baltimore Avenue, Suite 117
P.O. Box 1717
College Park, MD 20741-1717
Telephone: (301) 864-6070
Facsimile: (301) 864-4351

<u>Attorneys for Defendant</u>

     SO ORDERED this _____ day of _____, 2008.

                                                _____
                                                UNITED STATES DISTRICT JUDGE
                                                RICARDO M. URBINA

Copies to:

Alan Banov, Esq.
Alan Banov & Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910

Marty N. Martenson, Esq.
Donna L. Keeton, Esq.
Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA 30326

James E. McCollum, Jr., Esq.
Amit K. Sharma, Esq.
McCollum & Associates, LLC
7309 Baltimore Avenue, Suite 117
P.O. Box 1717
College Park, MD 20740-1717

**APPENDIX "A"**

**<u>CONFIDENTIALITY AGREEMENT</u>**

_____ hereby acknowledges that he or she, whichever is appropriate, has read the Protective Order entered by this Court in *Angel Tabe v. AlliedBarton Security Services,* Case number 07-02043 (RMU) (D.D.C.); that he or she acknowledges being bound by the terms of this Order and that he or she fully understands the terms of said Order.

BY:_____