UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGEL TABE, )<br>)<br>       Plaintiff, )<br>)<br>       v. )<br>)<br>ALLIEDBARTON SECURITY SERVICES, LLC, )<br>)<br>       Defendant. )<br>                                             ) | Case No.1:07-CV-02043 (RWR/AK)<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO QUASH**

Plaintiff Angel Tabe, by her undersigned counsel, hereby moves to quash the subpoena duces tecum which Defendant AlliedBarton Security Services, LLC issued on The Wackenhut Corporation on June 24, 2008. In support of this motion, Plaintiff states:

1.  This is a case in which Plaintiff alleges that Defendant violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12203, and discriminated against her on the basis of her disability, by refusing to accommodate her identified disabilities (severe lumbar strain), and by constructively discharging her and discharging her. Plaintiff's Amended Complaint also avers and that Defendant violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a), and the District of Columbia Human Rights Act, D.C. Code § 2-1402.11(a)(1) (2000), by discharging Plaintiff on the basis of her gender because she had previously opposed ongoing blatant sexual harassment by a manager employed by defendant.[1]

2.  Plaintiff worked for Wackenhut form September 2001 until Defendant succeeded Wackenhut as Plaintiff's employer as of July 1, 2004, four months before Defendant discharged her. See Amended Complaint ¶¶9, 53-54.

---

[1] On May 9, 2008, plaintiff filed a motion for leave to amend her complaint to elaborate on her ADA allegations and to add the gender discrimination claims. That motion is still pending. The Court may rule on the constant motion without ruling on the motion to amend.

3. On June 24, 2008, Defendant apparently served Wackenhut with a subpoena duces tecum (Exhibit 1 hereto) seeking the following documents:

> Any and all documents related to the employment of Angel Tabe (Social Security Number: xxx-xx-0187) including, but not limited to, the entire contents of her personnel file, medical file and/or workers' compensation file(s), any résumés, application forms, correspondence, reference forms, background forms, medical limitation/release form(s), personal/medical leave forms, and any and all documents reflecting pay to Ms. Tabe.

4. Plaintiff received a copy of the subpoena about June 26.

5. Meanwhile, on April 14, 2008, Defendant served its First Request for Production of Documents to Plaintiff and Defendant's First Set of Interrogatories to Plaintiff. Nowhere in these requests, or at any other time during the discovery process, has Defendant requested that Plaintiff provide her personnel file from Wackenhut Corporation, pay stubs from Wackenhut, or most of the other documents that Defendant now seeks regarding her employment with Wackenhut Corporation.

6. Defendant should not be allowed free access to all documents held by her former employer because they are irrelevant, immaterial, and not likely to lead the discovery of any admissible evidence. *See Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1510-12 (D.C. Cir. 1995) (in Title VII case brought by female associate against the defendant law firm, trial court erred by admitting evidence that plaintiff suffered the same performance problems at her prior law firm that defendant alleged she exhibited while working there); *see also Conrod v. Bank of New York*, 1998 Dist. LEXIS 11634, at *7 n.4 (S.D.N.Y., Jul. 30, 1998) (noting irrelevance of documents relating to attendance, evaluations, and discipline at another employer). The only Wackenhut records on Plaintiff which could possibly be relevant to any issues or claims in this case, or could possibly lead to the discovery of admissible evidence, are documents relating to her requests for accommodation by Wackenhut.

7.  However, on May 19, 2008, in responding to Defendant's First Request for Production of Documents to Plaintiff, Defendant's Document Request No. 29,[2] Plaintiff referred Defendant to the medical records and disability certificates that she had previously submitted with her Rule 26(a) disclosures and also provided the following additional medical documents:

- Her referral form from Greenbelt Medical Center to Dr. Rosita Dee (Bates No. PL 0106);
- Her prescriptions from Greenbelt Medical Center and Magee and Michaels (Bates Nos. PL 0107-110);
- Dr. Rosita Dee's note stating that her back brace is medially recommended (Bates No. PL 0111); and
- Her records from the Voice of America clinic (PL 0308-09)

8.  The information provided by Plaintiff in her answers to Defendant's Discovery Requests and in Plaintiff's Rule 26(a) disclosures negates any need for this subpoena, since Plaintiff has already provided Defendant with copies of all available relevant documents pertaining to her employment at Wackenhut.

9.  This subpoena will prejudice Plaintiff as she continues to apply for jobs in the Washington, D.C. area and may apply for future positions with the Wackenhut Corporation or security companies related to Wackenhut.[3]

WHEREFORE, Plaintiff respectfully requests that the Court quash the subpoena for Wackenhut Corporation which defendant issued on June 24, 2008, or, in any event, preclude it from obtaining any documents from Wackenhut other than Plaintiff's medical certificates, requests for accommodations, and related documents.

---

[2] This request requested: "All documents pertaining to or concerning your alleged need for or request for reasonable accommodation throughout your employment with AlliedBarton and/or Wackenhut Corporation."

[3] It is common in the protective services industry for one security company to succeed another as contrasts, especially Government contracts, are won and lost.

4

        Respectfully submitted,


        _____/s/ Alan Banov_____
        ALAN BANOV #95059
        Alan Banov & Associates
        8401 Colesville Road, Suite 325
        Silver Spring, MD 20910
        301-588-9699; fax:  301-588-9698
        abanov@banovlaw.com
        Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGEL TABE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.1:07-CV-02043 (RWR/AK) |
| | ) |
| ALLIEDBARTON SECURITY SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

Upon Consideration of Plaintiff's Motion to Quash, Defendant's responses thereto, and the record herein, it is this ____ day of July, 2008, hereby

ORDERED that the said motion be and hereby is GRANTED, and that the subpoena issued on June 24, 2008, on Wackenhut is hereby quashed.

_____
RICARDO M. URBINA
UNITED STATES DISTRICT JUDGE

Date: _____

Copies to:

Alan Banov, Esq.
Alan Banov & Associates
8401 Colesville Road
Suite 325
Silver Spring, MD 20910

Marty N. Martenson, Esq.
Donna L. Keeton, Esq.
Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA  30326

James E. McCollum, Jr., Esq.
Amit K. Sharma, Esq.
McCollum & Associates, LLC
7309 Baltimore Avenue, Suite 117
P.O. Box 1717
College Park, MD  20740-1717

**MARTENSON, HASBROUCK & SIMON LLP**
ATTORNEYS AT LAW
3379 PEACHTREE ROAD, N.E.
SUITE 400
ATLANTA, GEORGIA 30326
TELEPHONE (404) 909-8100
FACSIMILE (404) 909-8120

DONNA L. KEETON
(404) 909-8121
dkeeton@martensonlaw.com

LABOR & EMPLOYMENT LAW
AND RELATED LITIGATION

June 24, 2008

**VIA OVERNIGHT MAIL**
The Wackenhut Corporation
ATTN: Human Resources Representative
7112 Willow Avenue
Takoma Park, MD 20912-4414

Re: Angel Tabe v. AlliedBarton Security Services, LLC
Civil Action No. 07-02043 (RMU)

Dear Sir or Madam:

Enclosed please find a Subpoena directing you to produce all records relating to the employment of Angel Tabe, the Plaintiff in the above-referenced lawsuit. Please note that you need not appear in person, but your obligations under this Subpoena may be satisfied by producing a copy of the requested records on or before July 11, 2008, to my attention at the address above.

If there is a charge for copying the records requested, please forward the bill for the copy charges together with the records produced to my attention. However, if the copying charges will exceed $50.00, please contact me before proceeding with copy arrangements.

Should you have any questions, please contact me.

Sincerely yours,

MARTENSON, HASBROUCK & SIMON LLP

*Donna L. Keeton*

Donna L. Keeton

Enclosure
cc: ✓Alan Banov, Esq. (w/encl.)
    Marty N. Martenson, Esq. (w/encl.)

EXHIBIT
1

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     MARYLAND

ANGEL TABE

V.

ALLIEDBARTON SECURITY SERVICES

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-02043 (RMU) (D.D.C)

TO: The Wackenhut Corporation
7112 Willow Avenue
Takoma Park, MD 20912-4414

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHMENT A.

| PLACE | DATE AND TIME |
|---|---|
| Donna L. Keeton, Esq., Martenson, Hasbrouck & Simon LLP<br>3379 Peachtree Road, N.E., Suite 400, Atlanta, GA 30326 | 7/11/2008 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Donna L. Keeton* (Attorney for Defendant) | 6/24/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Donna L. Keeton, Esq.; Martenson, Hasbrouck & Simon LLP;
3379 Peachtree Road, N.E., Suite 400, Atlanta, GA 30326; (404) 909-8100

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## **ATTACHMENT A**

Any and all documents related to the employment of Angel Tabe (Social Security Number: ███████) including, but not limited to, the entire contents of her personnel file, medical file and/or workers' compensation file(s), any résumés, application forms, correspondence, reference forms, background forms, medical limitation/release form(s), personal/medical leave forms, and any and all documents reflecting pay to Ms. Tabe.