UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGEL TABE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-02043 (RMU) |
| | ) |
| ALLIED BARTON SECURITY SERVICES, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO QUASH**

COMES NOW Defendant AlliedBarton Security Services, LLC ("Defendant" or "AlliedBarton") and responds to Plaintiff's Motion to Quash as follows:

### I.   INTRODUCTION

Plaintiff's Motion to Quash should be denied because Plaintiff did not file her Motion in the proper court and failed to comply with the Court's Local Rules before filing her Motion. Plaintiff has also failed to establish that Defendant's subpoena to Plaintiff's previous employer seeks irrelevant information or is otherwise improper in any manner. Rather, Defendant's subpoena properly seeks information that is directly relevant to and/or reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's alleged disability, her alleged requests for accommodation and/or her proposed claims for gender discrimination and/or sexual harassment. Indeed, in light of the numerous allegations set forth in Plaintiff's proposed Amended Verified Complaint that directly relate to her previous employment, it is wholly disingenuous for Plaintiff to assert that Defendant is not entitled to the information sought in the subpoena at issue. Accordingly, Plaintiff's Motion to Quash should be denied.

## II.   ARGUMENT

### A.   Plaintiff's Motion To Quash Should Be Denied Because It Was Not Filed In The Proper Court.

Pursuant to Federal Rule of Civil Procedure 45(c), only "the issuing court" may quash or modify a subpoena. Fed. R. Civ. P. 45(c); see also In re: Sealed Case, 141 F.3d 337, 342 (D.C. Cir. 1998) ("[T]he issuing court must make the decision whether discovery may be had, and its scope, since it is the only court with the power to order enforcement."); Houston Business Journal, Inc. v. Office of the Comptroller, 86 F.3d 1208, 1212 (D.C. Cir. 1996) ("Any motion to quash or modify a subpoena … is decided by the issuing court, not the court before which the underlying action is pending."). In this case, the subpoena to Plaintiff's former employer, The Wackenhut Corporation ("Wackenhut"), was issued by the United States District Court for the District of Maryland – because that is where Wackenhut is located and from where the production would be made. (See Exhibit 1 to Plaintiff's Motion to Quash.) See Fed. R. Civ. P. 45(a)(2)(C) (stating that subpoena for production of documents is to be issued "from the court for the district where the production … is to be made"). Thus, pursuant to Rule 45(c), any motion to quash the subpoena must be filed in the District Court of Maryland. Since Plaintiff failed to file her motion in the proper court, her Motion to Quash should be denied.

### B.   Plaintiff's Motion To Quash Should Be Denied Due To Plaintiff's Failure To Comply With The Court's Local Rules.

Pursuant to Local Civil Rule 7(m), "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement." L. Cv. R. 7(m) (emphasis added). Presumably, Plaintiff's counsel is aware of this requirement since he is admitted to practice in this Court. Even if he had not been aware of this requirement previously, it was

specifically brought to his attention in Defendant's Response to Plaintiff's Motion for Leave to File Amended Complaint.  (See Doc. 17 at p. 2-3.)

Yet, Plaintiff's counsel never conferred or attempted to confer with Defendant's counsel prior to filing Plaintiff's Motion to Quash – as evidenced by Plaintiff's complete failure to state in the Motion to Quash that "the required discussion occurred," as is also specifically required by Local Rule 7(m).  Accordingly, Plaintiff's Motion to Quash should be denied due to Plaintiff's repeated failure to comply with Local Rule 7(m).  See United States ex rel. Pogue v. Diabetes Treatment Ctr. of Am., 235 F.R.D. 521 (D.D.C. 2006) (denying nondispositive motion on grounds that movant failed to confer with opposing counsel in a good faith effort to resolve or narrow dispute prior to filing motion).

### C. Plaintiff's Motion To Quash Should Be Denied Due To Plaintiff's Failure To Establish That The Information Sought Is Not Discoverable.

Plaintiff's Motion to Quash should also be denied because Plaintiff has not met her burden of establishing that the subpoena in question seeks information that is not relevant or is otherwise not discoverable.  See, e.g., Flanagan v. Wyndham Int'l Inc., 231 F.R.D. 98, (D.D.C. 2005) ("The quashing of a subpoena is an extraordinary measure and is usually inappropriate absent extraordinary circumstances."); Chubb Integrated Sys. Ltd. v. National Bank of Washington, 103 F.R.D. 52, 58 n.3 (D.D.C. 1984) ("As the party resisting discovery, plaintiff bears the burden of demonstrating that the information sought is not legally relevant.").  Indeed, the only argument Plaintiff makes in support of her request is that the "only Wackenhut records on Plaintiff which could possibly be relevant … are documents relating to her requests for accommodation by Wackenhut."  (See Plaintiff's Motion to Quash at pp. 2-3.)  This argument, however, is wholly without merit because the information Defendant seeks from Wackenhut is relevant to more than just Plaintiff's requests for accommodation.

3

Indeed, it is wholly inconsistent and disingenuous for Plaintiff to assert that Defendant is not entitled to her complete employment records from Wackenhut when Plaintiff has a motion pending before the Court in which <u>she</u> seeks to add numerous factual allegations that relate solely to her employment at Wackenhut. For example, in Plaintiff's proposed Amended Verified Complaint, Plaintiff seeks to add allegations regarding the date she began her employment with Wackenhut (<u>see</u> Plaintiff's proposed Amended Verified Complaint, Doc. 16-2, at ¶ 9); the work location to which she was assigned by Wackenhut (<u>see id</u>. at ¶ 9); the uniform she was required to wear by Wackenhut (<u>see id</u>. at ¶ 10, 46); the identity of Plaintiff's Wackenhut supervisor(s) (<u>see id</u>. at ¶¶ 11-13); harassment Plaintiff allegedly suffered during her employment with Wackenhut (<u>see id</u>. at ¶¶14-15, 39, 52, 58); her alleged requests for transfers and/or accommodations during her employment with Wackenhut (<u>see id</u>. at ¶ 17, 48, 51); her alleged ability to "successfully perform her duties" during her employment with Wackenhut (<u>see id</u>. at ¶ 25); her alleged promotion, work assignments and break times with Wackenhut (<u>see id</u>. at ¶¶ 26-27); communications she allegedly had with Wackenhut employees regarding her alleged disability (<u>see id</u>. at ¶¶ 32-34, 43, 66); and her alleged complaints about sexual harassment by a Wackenhut employee (<u>see id</u>. at ¶ 39). Plaintiff should not be permitted to assert that these allegations regarding her employment with Wackenhut are relevant to the pending matter while, at the same time, preventing Defendant from obtaining the information necessary to determine the truth or falsity of such allegations.[1]

---

[1] Indeed, the fact that Plaintiff is taking such inconsistent positions in her Motion for Leave to File Amended Complaint and her Motion to Quash borders on bad faith on the part of Plaintiff with regard to one or both of her pending motions. Either Plaintiff does not honestly believe that her employment history with Wackenhut is relevant to her claims against AlliedBarton, in which case her Motion for Leave to File Amended Complaint is improper, or she believes her employment with Wackenhut is relevant, in which case she has no legitimate basis for seeking to quash Defendant's subpoena to Wackenhut.

Moreover, even if Plaintiff had not directly and unequivocally put her previous employment at issue, "[t]he concept of relevancy is broadly construed at the discovery stage of an action, and discovery rules are to be accorded liberal treatment." Chubb Integrated Sys. Ltd., 103 F.R.D. at 59. "Admissibility at trial is not the yardstick of permissible discovery." Id. Thus, numerous courts have recognized that information regarding a plaintiff's former employment is relevant and discoverable. See, e.g., Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 24 (D.D.C. 2005) ("Discovery of plaintiff's employment records from her other employers is reasonably calculated to lead to admissible evidence … regarding plaintiff's duties and responsibilities at her previous positions."); see also Gastineau v. Fleet Mortgage Corp., 137 F.3d 490, 495-96 (7th Cir. 1998) (information regarding plaintiff's disputes with previous employers was relevant because, *inter alia*, it cast doubt on plaintiff's claim that emotional damages were wholly due to defendant); Maxwell v. Health Ctr. of Lake City, Inc., Case No. 3:05-CV-1056-J-32MCR, 2006 WL 1627020, at *4 (M.D. Fla. June 6, 2006) (holding that "evidence relating to potential prior complaints of discrimination, harassment or allegations [involving other employers] could be relevant and possibly admissible"); Richmond v. UPS Serv. Parts Logistics, Case No. IP01-1412-C-K/H, 2002 WL 745588, at *4 (S.D. Ind. 2002) (holding that defendant is entitled to job applications, resumes, evaluations, reviews, appraisals, reprimands, and disciplinary documents from previous employer of plaintiff alleging disability discrimination); E.E.O.C. v. Chemsico, Inc., 203 F.R.D. 432, 434-35 (E.D. Mo. 2001) (allowing defendant to obtain records from "all employers and prospective employers" of plaintiff during last seven (7) years because such information would be relevant to, *inter alia*, plaintiff's representations regarding her religion and/or her ability to work on Saturdays); Brady v. Central Ind. Reg'l Blood Ctr., Case No. 1:99-MC-19, 1999 WL 33912610, at *2 (N.D. Ind. Oct. 6, 1999)

("Clearly these requests for personnel, employment and medical records are reasonably calculated to lead to relevant and potentially admissible evidence in response to Plaintiff's Title VII claim and therefore, the motion to quash must be denied.").[2]

As to Plaintiff's argument that she has produced "all" relevant documents, even assuming Plaintiff were correct that the "only" relevant documents are those "relating to her requests for accommodation by Wackenhut" (Plaintiff's Motion to Quash at p. 2) – which, as discussed, above, is not correct – at best, Plaintiff has produced documents in <u>her</u> possession. Defendant, however, is not limited merely to obtaining discovery that is in Plaintiff's possession and should be permitted to request information directly from Wackenhut.[3] Indeed, this is why the Federal Rules of Civil Procedure specifically permit subpoenas to be served on non-parties to "produce designated documents, electronically stored information, or tangible things in <u>that</u> person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(iii) (emphasis added).

Similarly, there is no merit to Plaintiff's superficial argument that the subpoena to Wackenhut "will prejudice Plaintiff as she continues to apply for jobs." (<u>See</u> Plaintiff's Motion to Quash at p. 3.) Indeed, "prejudice" is not one of the enumerated grounds for a motion to

---

[2] Despite Plaintiff's suggestion to the contrary, <u>Neuren v. Adduci, Mastriani, Meeks & Schill</u>, 43 F.3d 1507 (D.C. Cir. 1995), does not stand for the proposition that records from Plaintiff's former employer "are irrelevant, immaterial, and not likely to lead to the discovery of any admissible evidence." (See Plaintiff's Motion to Quash at p. 2.) Rather, <u>Neuren</u> stands only for the proposition that evidence that the plaintiff "displayed similar work-related problems in her former employment" is not admissible as "character" evidence regarding the plaintiff. <u>See</u> 43 F.3d at 1511.

[3] The few documents that Plaintiff has produced consist merely of certain "medical records and disability certificates" that relate only to Plaintiff's alleged work limitations. (<u>See</u> Plaintiff's Motion to Quash at 3.) They do not identify what specific accommodations Plaintiff may have requested and/or Wackenhut's responses to such alleged requests. Nor do they indicate if or how Plaintiff's alleged condition may have affected her ability to perform her job as a Wackenhut security officer, which Plaintiff has put at issue regardless whether Plaintiff's proposed Amended Verified Complaint is permitted. (<u>See</u> Complaint, Doc. 1, at p. 3 (alleging that plaintiff "had been satisfactorily performing the essential functions of the job of security officer at the International Monetary Fund, as an employee of Wackenhut").)

6

quash. See Fed. R. Civ. P. 45(c)(3).  Moreover, Plaintiff's lawsuit against AlliedBarton is a matter of public record, and Wackenhut has already received the subpoena and, thus, is aware that Plaintiff is suing AlliedBarton.  Allowing Defendant to obtain documents from Wackenhut that are clearly discoverable will not prejudice Plaintiff, and even assuming there were some minimal prejudice, such prejudice does not outweigh Defendant's legitimate right to obtain such documents in order to defend itself against Plaintiff's claims.  Accordingly, Plaintiff's Motion to Quash should be denied.

### III.   CONCLUSION

WHEREFORE, for the reasons set forth above, Defendant respectfully requests that Plaintiff's Motion to Quash be denied.  A proposed order is submitted as Exhibit 1 hereto.

Respectfully submitted this 11th day of July, 2008.

MARTENSON, HASBROUCK & SIMON LLP

*/s/* Donna L. Keeton
Marty N. Martenson (Ga. Bar No. 471100)
Donna L. Keeton (Ga. Bar No. 006961)
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA 30326
Telephone: (404) 909-8100
Facsimile: (404) 909-8120

-and-

James E. McCollum, Jr., Esq. (#398117)
Amit K. Sharma, Esq. (#503604)
McCollum & Associates, LLC
7309 Baltimore Avenue, Suite 117
P.O. Box 1717
College Park, MD 20741-1717
Telephone: (301) 864-6070
Facsimile: (301) 864-4351

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGEL TABE, ) | |
| ) | |
| Plaintiff ) | Case No.: 1:07-cv-02043 (RMU) |
| ) | |
| v. ) | |
| ) | |
| ALLIED BARTON SECURITY SERVICES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document entitled DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH has been filed with the Court via the Court's Electronic Case Filing and Case Management System, which automatically sent notification of such filing to Plaintiff's counsel of record:

Alan Banov, Esq.
Alan Banov & Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910
abanov@banovlaw.com

This 11th day of July, 2008.

/s/ Donna L. Keeton
Donna L. Keeton (Ga. Bar No. 006961)
Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA 30326
Telephone: (404) 909-8100
Facsimile: (404) 909-8120

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGEL TABE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-02043 (RMU) |
| | ) |
| ALLIED BARTON SECURITY SERVICES, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Having fully considered Plaintiff's Motion to Quash the subpoena served on The Wackenhut Corporation (Doc. 18) and the parties' submissions related thereto:

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Quash is DENIED.

SO ORDERED this _____ day of _____, 2008.

_____
Ricardo M. Urbina
United States District Judge

Copies to:

Alan Banov, Esq.
Alan Banov & Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910
abanov@banovlaw.com

James E. McCollum Jr., Esq.
Amit K. Sharma, Esq.
7309 Baltimore Avenue, Suite 117
P.O. Box 1717
College Park, MD 20741-1717
jmccollum@jmlaw.net

Marty N. Martenson, Esq.
Donna L. Keeton, Esq.
Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA 30326
mnmartenson@martensonlaw.com
dkeeton@martensonlaw.com