UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

ANGEL TABE,                                    )
                                               )
           Plaintiff,                          )
                                               )
     v.                                        )   Case No.1:07-CV-02043 (RMU/AK)
                                               )
ALLIEDBARTON SECURITY SERVICES, LLC,  )
                                               )
           Defendant.                          )
_____)

## PLAINTIFF'S MOTION TO QUASH

Plaintiff Angel Tabe, by her undersigned counsel, hereby moves to quash the subpoenas

duces tecum which Defendant AlliedBarton Security Services, LLC issued on The Centre for

Development and Population Activities (CEDPA), 1st Choice Staffing, Bank Information Center,

Sunrise Senior Living, and AARP on August 14, 2008.  In support of this motion, Plaintiff states:

1.      Plaintiff alleges that Defendant violated the Americans with Disabilities Act

(ADA), 42 U.S.C. § 12203, and discriminated against her on the basis of her disability, by

refusing to accommodate her identified disabilities (severe lumbar strain), by constructively

discharging her, and by discharging her in November 2004.  Plaintiff's Amended Complaint also

avers that Defendant violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a), and the

District of Columbia Human Rights Act, D.C. Code § 2-1402.11(a)(1) (2000), by discharging

Plaintiff on the basis of her gender because she had previously opposed ongoing blatant sexual

harassment by the manager who discharged her.[1]

---

[1]  On May 9, 2008, plaintiff filed a Motion for Leave to amend her Complaint to elaborate on
her ADA allegations and to add the gender discrimination claims.  That motion is still pending.
The Court may rule on the instant motion without ruling on the motion to amend.

2.    At some point after she was terminated from her position with Defendant in November 2004, Plaintiff submitted a direct online application for a position with AARP in Washington D.C.   Plaintiff was not hired for this position.

3.    In 2005, following her discharge by Defendant, Plaintiff applied for a position as Africa Program Manager at the Bank Information Center.  Plaintiff never received a response to her application and was not hired for the position.

4.    On or about January 15, 2006, Plaintiff applied for a position as a Customer Care Associate at the 1st Choice Staffing Agency.  Plaintiff was not hired for the position. Plaintiff also applied for positions as an Administrative Clerk and a Programs Assistant at the 1st Choice Staffing Agency, but was also not hired for these positions.

5.    In around July 2007, Plaintiff applied for a Front Desk position at Sunrise Assisted Living.  Plaintiff was interviewed for the position with a group of other applicants.  At the conclusion of the interview, the interviewers told Plaintiff that they were recommending that she be hired for a Director of Community Relations position with their organization.  The employer then reviewed Plaintiff's job application, in which she stated that she had been fired by Defendant because of her disability.  Subsequently Plaintiff was not hired for either position at Sunrise Assisted Living.

6.    On or about September 7, 2007, Plaintiff submitted a resume and cover letter to CEDPA to apply for a Receptionist position.  However, Plaintiff never received any response from CEDPA regarding her application.

7.    In discovery Defendant requested that Plaintiff:

List all employers whom you have contacted, sent a résumé and/or applied for a job at any time since June 1, 2004 (with the exception of AlliedBarton), including full name, address and telephone number of the employer/business; the date you applied for employment; the position applied for; the disposition of your application (e.g., if you

were offered a job, if the employer is still holding your application, if you were denied the position you applied for, if you received no response, etc.); and the reason given to you for the disposition of your application. First Request for Production of Documents to Plaintiff and Defendant's First Set of Interrogatories to Plaintiff, Interrogatory No. 16.

Defendant's Document Request No. 11 also required Plaintiff to submit: "Any and all copies of applications and/or résumés submitted to employers for the purpose of obtaining employment and all correspondence or documents sent to or received from employers in connection with any search for employment by you since June 1, 2004." Defendant's Document Request No. 12 requested, "Any and all documents relating to offers of employment received by you since June 1, 2004 (other than from AlliedBarton)."

8. Plaintiff timely responded to these requests on May 19, 2008. In these responses, Plaintiff responded to Defendant's Interrogatory No. 16 by listing over 41 employers to whom she has applied for work after Defendant discharged her. She also stated, among other things:

During 2005, I applied for the Africa Program Manager position at the Bank Information Center. Their address is 1100 H Street, SW, Washington, DC 20005. I never received an answer and was not hired for the position . . . . At the 1st Choice Staffing Agency, I applied for a Customer Care Associate on or about January 15, 2006. Its address is 8121 Georgia Avenue, Suite 700, Silver Spring, MD 20910 (phone: (301) 563-6404). I was not hired for the position. At the 1st Choice Staffing Agency, I applied for an Administrative Clerk position. I cannot recall the exact date when I applied. Their address is 8121 Georgia Avenue, Suite 700, Silver Spring, MD 20910 (phone: (301) 563-6404). I was not hired for the position. At the 1st Choice Staffing Agency, I applied for a Programs Assistant position. I cannot recall the exact date when I applied. Their address is 8121 Georgia Avenue, Suite 700, Silver Spring, MD 20910 (phone: (301) 563-6404). I was not hired for the position . . . In around July of 2007, I applied for a Front Desk position at Sunrise Assisted Living. Its address is 11621 New Hampshire Ave, Silver Spring, MD (phone: 301-625-8655). I was interviewed for the position with a group of other applicants. At its conclusion, the interviewers told me that they were recommending me for a Director of Community Relations position with their organization. They reviewed my application, in which I stated that I had been fired by Defendant because of my disability. Referring to this statement, the interviewers told me that I should never include such information about myself. I was not hired for either position . . . On or about September 7, 2007, I applied for a Receptionist position at

4

CEDPA.  Its address is 1133 21st Street, NW, Suite 800, Washington, DC 20036 (phone: 202-667-1142).  I never received an answer.

9.      Plaintiff also responded to Defendant's Document Request No. 11, providing all documents she had which were responsive to this request.  Among other documents, these included the following:  copies of Plaintiff's resume and cover letter, which she had submitted to CEDPA, identified as PL 0217-0218; copies of job announcements from 1st Choice Staffing Agency and an e-mail from Plaintiff to 1st Choice Staffing Agency applying for three positions, identified as PL 0153-0154; and copies of Plaintiff's cover letter and resume, which she had submitted to Bank Information Center to apply for the position of Africa Program Manager, identified as PL 057-59.

10.     Finally, Plaintiff responded to Defendant's Document Request No. 12, stating, "Plaintiff has no responsive documents."

11.     In her discovery responses and deposition Plaintiff has explained that she has applied for over 49 specific jobs, but is presently unemployed and in fact is on the verge of losing her home because she has exhausted her savings and credit cards.

12.     On August 15, 2008, Defendant apparently served AARP, Bank Information Center, 1st Choice Staffing Agency, CEDPA, and Sunrise Assisted Living with subpoenas duces tecum (Exhibits 1-5 hereto), seeking the following documents:[2]

> Any and all documents related to any application for employment made by Angel Tabe (Social Security Number:  xxx-xx-0187) including, but not limited to, any application forms, resumes, reference forms, background forms, interview notes, or letters regarding Ms. Tabe, and, to the extent any job offer was made to Ms. Tabe, any documents identifying the reason(s) Ms. Tabe rejected any offer or any offer was rescinded.

13.     Plaintiff received copies of these subpoenas on August 16, 2008.

---

[2]   At this point Plaintiff does not know if Defendant successfully served its subpoenas.

14.    On August 18, 2008, Plaintiff sent letters to AARP, Bank Information Center, 1st Choice Staffing Agency, CEDPA and Sunrise Assisted Living, stating that Plaintiff intended to file a Motion to Quash these subpoenas and requesting that the subpoena recipient not produce documents to Defendant until the Court has ruled on Plaintiff's Motion to Quash.

15.    On August 27, 2008, the undersigned counsel received a letter from Anne Spielberg of the Bank Information Center, which was also addressed to Defendant's counsel. This letter (attached as Exhibit 6 hereto) stated, "BIC has no documents in its possession that would be responsive to the subpoena issued."

16.    Also on August 27, Plaintiff's counsel asked Defendant's counsel if she would withdraw the subpoenas.  On August 28 Defendant's counsel indicated that she still intended to enforce the subpoena and would not consent to Plaintiff's Motion to Quash.

17.    Plaintiff objects to the subpoenas for two reasons.  First, information provided by Plaintiff in her answers to Defendant's Discovery Requests negates any need for this subpoena.  Thus, Plaintiff has already provided Defendant with all necessary information, including copies of all available relevant documents pertaining to her application for employment at AARP, Bank Information Center, 1st Choice Staffing Agency, CEDPA, and Sunrise Assisted Living.

18.    Second, this subpoena will prejudice Plaintiff's job-hunting efforts as she continues to apply for jobs in the Washington, D.C. area, for she may apply for other positions with AARP, Bank Information Center, 1st Choice Staffing Agency, CEDPA, and Sunrise Assisted Living or other companies or organizations affiliated with these entities. *See Conrod v. Bank of New York*, 1998 Dist. LEXIS 11634, *5 (S.D.N.Y. Jul. 30, 1998) ("Because of the direct negative effect that disclosures of disputes with past employers can have on present employment,

subpoenas in this context, if warranted at all, should be used only as a last resort."); *see also*

*Graham v. Casey's General Stores, Inc.*, 206 F.R.D. 251, 254-55, 2002 U.S. Dist. LEXIS 4509

(S.D. Ind. 2002) (court noted that plaintiff had provided a "less-intrusive means for discovering

salary information from previous employers").

      WHEREFORE, Plaintiff respectfully requests that the Court quash the subpoenas for

AARP, Bank Information Center, 1st Choice Staffing Agency, CEDPA, and Sunrise Assisted

Living, which Defendant issued on August 14, 2008.

                    Respectfully submitted,

                    _____/s/ Alan Banov_____
                    ALAN BANOV #95059
                    Alan Banov & Associates
                    8401 Colesville Road, Suite 325
                    Silver Spring, MD 20910
                    301-588-9699; fax:  301-588-9698
                    abanov@banovlaw.com
                    Attorney for Plaintiff

*Rec'd 8/16/08*

DONNA L. KEETON
(404) 909-8121
dkeeton@martensonlaw.com

**MARTENSON, HASBROUCK & SIMON LLP**
ATTORNEYS AT LAW
3379 PEACHTREE ROAD, N.E.
SUITE 400
ATLANTA, GEORGIA 30326
TELEPHONE (404) 909-8100
FACSIMILE (404) 909-8120

LABOR & EMPLOYMENT LAW
AND RELATED LITIGATION

August 14, 2008

**VIA OVERNIGHT MAIL**
CEDPA
1133 21st Street, NW, Suite 800
Washington, DC 20036

Re:  Angel Tabe  v. AlliedBarton Security Services, LLC
Civil Action No. 07-02043 (RMU)

Dear Sir or Madam:

Enclosed please find a Subpoena directing you to produce records relating to any application for employment by Angel Tabe, the Plaintiff in the above-referenced lawsuit. Please note that you need not appear in person, but your obligations under this Subpoena may be satisfied by producing a copy of the requested records on or before August 28, 2008, either to my attention at the address above or to Defendant's local counsel, Amit Sharma, at James E. McCollum, Jr. & Associates, P.C., 7309 Baltimore Avenue, Suite 117, P.O. Box 1717, College Park, MD 20741-1717. *Please also have the appropriate representative sign the enclosed Declaration and return it with the requested records.*

If there is a charge for copying the records requested, please forward the bill for the copy charges together with the records produced to my attention. However, if the copying charges will exceed $50.00, please contact me before proceeding with copy arrangements.

Should you have any questions, please contact me.

Sincerely yours,

**MARTENSON, HASBROUCK & SIMON LLP**

*Donna L. Keeton*

Donna L. Keeton

Enclosures
cc:  Alan Banov, Esq. (w/encls.)
     Amit Sharma, Esq. (w/encls.)
     Marty N. Martenson, Esq. (w/encls.)

EXHIBIT
1

ALL-STATE LEGAL®

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF COLUMBIA

ANGEL TABE

V.

ALLIEDBARTON SECURITY SERVICES

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07-02043 (RMU)

TO:  CEDPA
1133 21st Street, NW, Suite 800
Washington, DC 20036

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A.

| PLACE    JAMES E. MCCOLLUM, JR. & ASSOC., PC, 7309 Baltimore Avenue, Suite 117, P.O. Box 1717, College Park, MD 20741-1717 | DATE AND TIME
8/28/2008 3:45 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
*Donna L. Keeton, Attorney for Defendant* | DATE
8/14/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Donna L. Keeton, Esq.; Martenson, Hasbrouck & Simon LLP;
3379 Peachtree Road, N.E., Suite 400, Atlanta, GA 30326; (404) 909-8100

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## **ATTACHMENT A**

Any and all documents related to any application for employment made by Angel Tabe (Social Security Number: 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), including, but not limited to, any application forms, résumés, reference forms, background forms, interview notes, or letters regarding Ms. Tabe, and, to the extent any job offer was made to Ms. Tabe, any documents identifying the compensation rate and work hours for any position(s) offered and, if applicable, any documents identifying the reason(s) Ms. Tabe rejected any offer or any offer was rescinded.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANGEL TABE,                                          )
                                                    )
            Plaintiff,                              )
                                                    )
      v.                                            ) Civil Action No. 07-02043 (RMU)
                                                    )
ALLIED BARTON SECURITY SERVICES,                    )
                                                    )
            Defendant.                              )
_____             )

## DECLARATION

I, _____ [type or print name], say as
follows:

That I am the duly authorized Custodian of these records on behalf of CEDPA
and have authority to certify said records.

That the copy is a true copy of all the records described in the subpoena.

That the records were prepared by the personnel of the office staff, or persons
acting under the control of either, in the ordinary course of business at or near the time of
the act, condition or event.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____ day of August, 2008.


_____
Authorized Signature

DONNA L. KEETON
(404) 909-8121
dkeeton@martensonlaw.com

**MARTENSON, HASBROUCK & SIMON LLP**
ATTORNEYS AT LAW
3379 PEACHTREE ROAD, N.E.
SUITE 400
ATLANTA, GEORGIA 30326
TELEPHONE (404) 909-8100
FACSIMILE (404) 909-8120

LABOR & EMPLOYMENT LAW
AND RELATED LITIGATION

August 14, 2008

**VIA OVERNIGHT MAIL**
1st Choice Staffing
8121 Georgia Avenue, Suite 700
Silver Spring, MD 20910

Re:    Angel Tabe  v. AlliedBarton Security Services, LLC
       Civil Action No. 07-02043 (RMU)

Dear Sir or Madam:

Enclosed please find a Subpoena directing you to produce records relating to any application for employment by Angel Tabe, the Plaintiff in the above-referenced lawsuit. Please note that you need not appear in person, but your obligations under this Subpoena may be satisfied by producing a copy of the requested records on or before August 28, 2008, either to my attention at the address above or to Defendant's local counsel, Amit Sharma, at James E. McCollum, Jr. & Associates, P.C., 7309 Baltimore Avenue, Suite 117, P.O. Box 1717, College Park, MD 20741-1717. *Please also have the appropriate representative sign the enclosed Declaration and return it with the requested records.*

If there is a charge for copying the records requested, please forward the bill for the copy charges together with the records produced to my attention. However, if the copying charges will exceed $50.00, please contact me before proceeding with copy arrangements.

Should you have any questions, please contact me.

Sincerely yours,

**MARTENSON, HASBROUCK & SIMON LLP**

*Donna L. Keeton*

Donna L. Keeton

Enclosures
cc:   Alan Banov, Esq. (w/encls.)
      Amit Sharma, Esq. (w/encls.)
      Marty N. Martenson, Esq. (w/encls.)

EXHIBIT
2

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ MARYLAND

ANGEL TABE

V.

ALLIEDBARTON SECURITY SERVICES

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-02043 (RMU)  (D.D.C)

TO:  1st Choice Staffing
    8121 Georgia Avenue, Suite 700
    Silver Spring, MD 20910

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    SEE ATTACHMENT A.

| PLACE    JAMES E. MCCOLLUM, JR. & ASSOC., PC, 7309 Baltimore Avenue, Suite 117, P.O. Box 1717, College Park, MD 20741-1717 | DATE AND TIME 8/28/2008 4:30 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Donna L. Keeton / Attorney for Defendant* | 8/14/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Donna L. Keeton, Esq.; Martenson, Hasbrouck & Simon LLP;
3379 Peachtree Road, N.E., Suite 400, Atlanta, GA 30326; (404) 909-8100

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# **ATTACHMENT A**

Any and all documents related to any application for employment made by Angel Tabe (Social Security Number: 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), including, but not limited to, any application forms, résumés, reference forms, background forms, interview notes, or letters regarding Ms. Tabe, and, to the extent any job offer was made to Ms. Tabe, any documents identifying the compensation rate and work hours for any position(s) offered and, if applicable, any documents identifying the reason(s) Ms. Tabe rejected any offer or any offer was rescinded.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANGEL TABE,                                      )
                                                 )
            Plaintiff,                           )
                                                 )
      v.                                         ) Civil Action No. 07-02043 (RMU)
                                                 )
ALLIED BARTON SECURITY SERVICES,                 )
                                                 )
            Defendant.                           )
_____  )

## DECLARATION

I, _____ [type or print name], say as follows:

That I am the duly authorized Custodian of these records on behalf of 1st Choice Staffing and have authority to certify said records.

That the copy is a true copy of all the records described in the subpoena.

That the records were prepared by the personnel of the office staff, or persons acting under the control of either, in the ordinary course of business at or near the time of the act, condition or event.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____ day of August, 2008.


_____
Authorized Signature

DONNA L. KEETON
(404) 909-8121
dkeeton@martensonlaw.com

**MARTENSON, HASBROUCK & SIMON LLP**
ATTORNEYS AT LAW
3379 PEACHTREE ROAD, N.E.
SUITE 400
ATLANTA, GEORGIA 30326
TELEPHONE (404) 909-8100
FACSIMILE (404) 909-8120

LABOR & EMPLOYMENT LAW
AND RELATED LITIGATION

August 14, 2008

**VIA OVERNIGHT MAIL**
Bank Information Center
1100 H Street, SW, Suite 650
Washington, DC 20005

Re:    Angel Tabe v. AlliedBarton Security Services, LLC
          Civil Action No. 07-02043 (RMU)

Dear Sir or Madam:

Enclosed please find a Subpoena directing you to produce records relating to any application for employment by Angel Tabe, the Plaintiff in the above-referenced lawsuit. Please note that you need not appear in person, but your obligations under this Subpoena may be satisfied by producing a copy of the requested records on or before August 28, 2008, either to my attention at the address above or to Defendant's local counsel, Amit Sharma, at James E. McCollum, Jr. & Associates, P.C., 7309 Baltimore Avenue, Suite 117, P.O. Box 1717, College Park, MD 20741-1717. *Please also have the appropriate representative sign the enclosed Declaration and return it with the requested records.*

If there is a charge for copying the records requested, please forward the bill for the copy charges together with the records produced to my attention. However, if the copying charges will exceed $50.00, please contact me before proceeding with copy arrangements.

Should you have any questions, please contact me.

Sincerely yours,

**MARTENSON, HASBROUCK & SIMON LLP**

*Donna L. Keeton*

Donna L. Keeton

Enclosures
cc:    Alan Banov, Esq. (w/encls.)
          Amit Sharma, Esq. (w/encls.)
          Marty N. Martenson, Esq. (w/encls.)

EXHIBIT
3
ALL-STATE LEGAL®

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

ANGEL TABE

V.

ALLIEDBARTON SECURITY SERVICES

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07-02043 (RMU)

TO:   Bank Information Center
      1100 H Street, SW, Suite 650
      Washington, DC 20005

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A.

| PLACE   JAMES E. MCCOLLUM, JR. & ASSOC., PC, 7309 Baltimore Avenue, Suite 117, P.O. Box 1717, College Park, MD 20741-1717 | DATE AND TIME  8/28/2008 3:45 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Donna L. Keeton / Attorney for Defendant* | DATE  8/14/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Donna L. Keeton, Esq.; Martenson, Hasbrouck & Simon LLP;
3379 Peachtree Road, N.E., Suite 400, Atlanta, GA 30326; (404) 909-8100

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |
| | |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

Any and all documents related to any application for employment made by Angel Tabe (Social Security Number: 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), including, but not limited to, any application forms, résumés, reference forms, background forms, interview notes, or letters regarding Ms. Tabe, and, to the extent any job offer was made to Ms. Tabe, any documents identifying the compensation rate and work hours for any position(s) offered and, if applicable, any documents identifying the reason(s) Ms. Tabe rejected any offer or any offer was rescinded.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANGEL TABE,                                    )
                                               )
            Plaintiff,                         )
                                               )
      v.                                       ) Civil Action No. 07-02043 (RMU)
                                               )
ALLIED BARTON SECURITY SERVICES,               )
                                               )
            Defendant.                         )
_____)

## DECLARATION

I, _____ [type or print name], say as
follows:

That I am the duly authorized Custodian of these records on behalf of Bank
Information Center and have authority to certify said records.

That the copy is a true copy of all the records described in the subpoena.

That the records were prepared by the personnel of the office staff, or persons
acting under the control of either, in the ordinary course of business at or near the time of
the act, condition or event.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____ day of August, 2008.


_____
Authorized Signature

**MARTENSON, HASBROUCK & SIMON LLP**

DONNA L. KEETON<br>
(404) 909-8121<br>
dkeeton@martensonlaw.com

ATTORNEYS AT LAW
3379 PEACHTREE ROAD, N.E.
SUITE 400
ATLANTA, GEORGIA 30326
TELEPHONE (404) 909-8100
FACSIMILE (404) 909-8120

LABOR & EMPLOYMENT LAW
AND RELATED LITIGATION

August 14, 2008

**VIA OVERNIGHT MAIL**
Sunrise Senior Living
11621 New Hampshire Ave.
Silver Spring, MD 20904

Re:     Angel Tabe v. AlliedBarton Security Services, LLC
        Civil Action No. 07-02043 (RMU)

Dear Sir or Madam:

Enclosed please find a Subpoena directing you to produce records relating to any application for employment by Angel Tabe, the Plaintiff in the above-referenced lawsuit. Please note that you need not appear in person, but your obligations under this Subpoena may be satisfied by producing a copy of the requested records on or before August 28, 2008, either to my attention at the address above or to Defendant's local counsel, Amit Sharma, at James E. McCollum, Jr. & Associates, P.C., 7309 Baltimore Avenue, Suite 117, P.O. Box 1717, College Park, MD 20741-1717. *Please also have the appropriate representative sign the enclosed Declaration and return it with the requested records.*

If there is a charge for copying the records requested, please forward the bill for the copy charges together with the records produced to my attention. However, if the copying charges will exceed $50.00, please contact me before proceeding with copy arrangements.

Should you have any questions, please contact me.

Sincerely yours,

**MARTENSON, HASBROUCK & SIMON LLP**

*Donna L. Keeton*

Donna L. Keeton

Enclosures
cc:    Alan Banov, Esq. (w/encls.)
       Amit Sharma, Esq. (w/encls.)
       Marty N. Martenson, Esq. (w/encls.)

**EXHIBIT**
4
ALL-STATE LEGAL®

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ MARYLAND

ANGEL TABE

V.

ALLIEDBARTON SECURITY SERVICES

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07-02043 (RMU)  (D.D.C)

TO:  Sunrise Senior Living
     11621 New Hampshire Ave.
     Silver Spring, MD 20904

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A.

| PLACE  JAMES E. MCCOLLUM, JR. & ASSOC., PC, 7309 Baltimore Avenue, Suite 117, P.O. Box 1717, College Park, MD 20741-1717 | DATE AND TIME  8/28/2008 4:15 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Donna L. Keeton/Attorney for Defendant* | DATE  8/14/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Donna L. Keeton, Esq.; Martenson, Hasbrouck & Simon LLP;
3379 Peachtree Road, N.E., Suite 400, Atlanta, GA 30326; (404) 909-8100

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE                                    SIGNATURE OF SERVER

                                                           ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
   (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
   (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
   (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

Any and all documents related to any application for employment made by Angel Tabe (Social Security Number: 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), including, but not limited to, any application forms, résumés, reference forms, background forms, interview notes, or letters regarding Ms. Tabe, and, to the extent any job offer was made to Ms. Tabe, any documents identifying the compensation rate and work hours for any position(s) offered and, if applicable, any documents identifying the reason(s) Ms. Tabe rejected any offer or any offer was rescinded.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANGEL TABE,                              )
                                         )
              Plaintiff,                 )
                                         )
       v.                                ) Civil Action No. 07-02043 (RMU)
                                         )
ALLIED BARTON SECURITY SERVICES,         )
                                         )
              Defendant.                 )
_____)

## DECLARATION

I, _____ [type or print name], say as
follows:

That I am the duly authorized Custodian of these records on behalf of Sunrise
Senior Living and have authority to certify said records.

That the copy is a true copy of all the records described in the subpoena.

That the records were prepared by the personnel of the office staff, or persons
acting under the control of either, in the ordinary course of business at or near the time of
the act, condition or event.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____ day of August, 2008.


_____
Authorized Signature

**MARTENSON, HASBROUCK & SIMON LLP**

DONNA L. KEETON
(404) 909-8121
dkeeton@martensonlaw.com

ATTORNEYS AT LAW
3379 PEACHTREE ROAD, N.E.
SUITE 400
ATLANTA, GEORGIA 30326
TELEPHONE (404) 909-8100
FACSIMILE (404) 909-8120

LABOR & EMPLOYMENT LAW
AND RELATED LITIGATION

August 14, 2008

**VIA OVERNIGHT MAIL**
AARP
601 E Street, NW
Washington, DC 20049

    Re:   <u>Angel Tabe  v. AlliedBarton Security Services, LLC</u>
          Civil Action No. 07-02043 (RMU)

Dear Sir or Madam:

    Enclosed please find a Subpoena directing you to produce records relating to any application for employment by Angel Tabe, the Plaintiff in the above-referenced lawsuit. Please note that you need not appear in person, but your obligations under this Subpoena may be satisfied by producing a copy of the requested records on or before August 28, 2008, either to my attention at the address above or to Defendant's local counsel, Amit Sharma, at James E. McCollum, Jr. & Associates, P.C., 7309 Baltimore Avenue, Suite 117, P.O. Box 1717, College Park, MD 20741-1717. *Please also have the appropriate representative sign the enclosed Declaration and return it with the requested records.*

    If there is a charge for copying the records requested, please forward the bill for the copy charges together with the records produced to my attention. However, if the copying charges will exceed $50.00, please contact me before proceeding with copy arrangements.

    Should you have any questions, please contact me.

          Sincerely yours,

          **MARTENSON, HASBROUCK & SIMON LLP**

          Donna L. Keeton

Enclosures
cc:   Alan Banov, Esq. (w/encls.)
      Amit Sharma, Esq. (w/encls.)
      Marty N. Martenson, Esq. (w/encls.)

EXHIBIT

5

ALL-STATE LEGAL®

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

ANGEL TABE

V.

ALLIEDBARTON SECURITY SERVICES

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07-02043 (RMU)

TO:  AARP
     601 E Street, NW
     Washington, DC 20049

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHMENT A.**

| PLACE      JAMES E. MCCOLLUM, JR. & ASSOC., PC, 7309 Baltimore Avenue, Suite 117, P.O. Box 1717, College Park, MD 20741-1717 | DATE AND TIME    8/28/2008 3:30 pm |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    *Donna L. Keeton/ Attorney for Defendant* | DATE    8/14/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Donna L. Keeton, Esq.; Martenson, Hasbrouck & Simon LLP;
3379 Peachtree Road, N.E., Suite 400, Atlanta, GA 30326; (404) 909-8100

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

Any and all documents related to any application for employment made by Angel Tabe (Social Security Number: 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), including, but not limited to, any application forms, résumés, reference forms, background forms, interview notes, or letters regarding Ms. Tabe, and, to the extent any job offer was made to Ms. Tabe, any documents identifying the compensation rate and work hours for any position(s) offered and, if applicable, any documents identifying the reason(s) Ms. Tabe rejected any offer or any offer was rescinded.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGEL TABE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-02043 (RMU) |
| | ) |
| ALLIED BARTON SECURITY SERVICES, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## __DECLARATION__

I, _____ [type or print name], say as follows:

That I am the duly authorized Custodian of these records on behalf of AARP and have authority to certify said records.

That the copy is a true copy of all the records described in the subpoena.

That the records were prepared by the personnel of the office staff, or persons acting under the control of either, in the ordinary course of business at or near the time of the act, condition or event.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____ day of August, 2008.

_____
Authorized Signature

# HARMON, CURRAN, SPIELBERG & EISENBERG, LLP

1726 M Street, NW, Suite 600    Washington, DC 20036          (202) 328-3500    (202) 328-6918 fax

August 27, 2008

**Via Email and First Class Mail**
Donna L. Keeton
Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, N.W., Suite 400
Atlanta, GA  30326
dkeeton@martensonlaw.com

Alan Banov
Alan Banov and Associates
8401 Colesville Road, Suite 325
Silver Spring, MD  20910
abanov@banovlaw.com

        RE:    <u>Tabe v. AlliedBarton Security Services, LLC</u>
                   Civil Action No. 07-02043 (RMU)
                   Subpoena to Bank Information Center

Dear Ms. Keeton and Mr. Banov:

This firm represents the Bank Information Center ("BIC"), which received a third party subpoena from Ms. Keeton, the attorney for the defendant in the above captioned case, to produce certain documents concerning Angel Tabe. BIC also received a letter from Mr. Banov indicating that, as the attorney for the plaintiff, Ms. Tabe, he was planning to file a Motion to Quash the subpoena and that, therefore, BIC should not provide any documents or further information until the motion was resolved.

To date, BIC has not received any copy of a Motion to Quash that has been filed. If no motion is filed prior to the date for production of documents, BIC will have no choice but to comply with what appears to be a valid subpoena. I would note that this matter may be moot as BIC has no documents in its possession that would be responsive to the subpoena issued.

Please direct any further communications regarding this matter to me.

Sincerely,

Anne Spielberg
aspielberg@harmoncurran.com

cc: Hetal Patel



PLAINTIFF'S EXHIBIT 6  ALL-STATE LEGAL®

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
ANGEL TABE,                             )
                                        )
             Plaintiff,                 )
                                        )
        v.                              )  Case No.1:07-CV-02043 (RMU/AK)
                                        )
ALLIEDBARTON SECURITY SERVICES, LLC,  )
                                        )
             Defendant.                 )
_____)

**<u>ORDER</u>**

Upon Consideration of Plaintiff's Motion to Quash, Defendant's response thereto, and the record herein, it is this _____ day of September,  2008, hereby

ORDERED that the said motion be and hereby is GRANTED, and that Court will quash the subpoenas which Defendant issued on August 14, 2008, on The Centre for Development and Population Activities (CEDPA), 1st Choice Staffing, Bank Information Center, Sunrise Senior Living, and AARP.


                                   _____
                                   RICARDO M. URBINA
                                   UNITED STATES DISTRICT JUDGE

Date: _____

Copies to:


Alan Banov, Esq.
Alan Banov & Associates
8401 Colesville Road
Suite 325
Silver Spring, MD 20910

Marty N. Martenson, Esq.
Donna L. Keeton, Esq.
Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA  30326

James E. McCollum, Jr., Esq.
Amit K. Sharma, Esq.
McCollum & Associates, LLC
7309 Baltimore Avenue, Suite 117
P.O. Box 1717
College Park, MD  20740-1717