UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGEL TABE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.1:07-CV-02043 (RMU/AK) |
| ) | |
| ALLIEDBARTON SECURITY SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S MOTION TO QUASH

Plaintiff Angel Tabe, by her undersigned counsel, hereby moves to quash the subpoena duces tecum which Defendant AlliedBarton Security Services, LLC issued on Voice of America (VOA) (formally known as Broadcasting Board of Governors) on August 14, 2008.[1] In support of this motion, Plaintiff states:

1.   Plaintiff alleges that Defendant violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12203, and discriminated against her on the basis of her disability, by refusing to accommodate her identified disabilities (severe lumbar strain), by constructively discharging her, and by discharging her. Plaintiff's Amended Complaint also avers that Defendant violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a), and the District of Columbia Human Rights Act, D.C. Code § 2-1402.11(a)(1) (2000), by discharging Plaintiff on the basis of her gender because she had previously opposed ongoing blatant sexual harassment by the manager who discharged her.[2]

---

[1]  On the same day Defendant served subpoenas duces tecum on five other institutions and companies. Plaintiff is moving to quash them all.

[2]  On May 9, 2008, plaintiff filed a motion for leave to amend her complaint to elaborate on her ADA allegations and to add the gender discrimination claims. That motion is still pending. The Court may rule on the instant motion without ruling on the motion to amend.

2.      In 2006 and 2007 Plaintiff performed contract work with VOA as a freelance journalist.  She earned $36,000 in 2006 and $6,600 in 2007.

3.      On April 14, 2008, Defendant served its First Request for Production of Documents to Plaintiff and Defendant's First Set of Interrogatories to Plaintiff.  Interrogatory No. 17 requested: "Please state all income or other monies you have received, from whatever source other than AlliedBarton, including but not limited to unemployment compensation and/or social security disability benefits, since June 1, 2004, and identify the source(s) and amount(s) of such income or monies."

4.      Plaintiff timely responded to these requests on May 19, 2008.  Plaintiff responded to Defendant's Interrogatory No. 17 stating, among other things:

> In 2006, I earned $36,000 from my contract work for Voice of America ("VOA").  In 2007, I earned $6,600.00 from VOA.  See my tax returns for 2004, 2006 and 2007, provided herewith as Bates Nos. PL 0114-48, and my Social Security Statement, provided with my Rule 26(a) disclosures.

5.      On August 14, 2008, Defendant apparently served VOA with a subpoena duces tecum (Exhibit 1 hereto) seeking the following documents:

> Any and all documents related to the employment of Angel Tabe (Social Security Number:  xxx-xx-0187) and/or Ms. Tabe's relationship with Voice of America as an independent contractor and/or freelance reporter, including, but not limited to: any employment or independent contractor agreement(s)' the entire contents of her personnel file, medical file and/or workers' compensation file(s); any resumes, application forms; any medical limitation/release form(s) or personal/medical leave forms; and any and all documents reflecting pay to Ms. Tabe.

6.      Plaintiff received a copy of this subpoena on August 16, 2008.[3]

7.      The Court should quash this subpoena.  Defendant should not be allowed free access to all documents pertaining to Plaintiff's contract position documents held by VOA

---

[3]  At this point Plaintiff does not know if Defendant successfully served its subpoena.

because they are irrelevant, immaterial, and not likely to lead the discovery of any admissible evidence. *See Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1510-12 (D.C. Cir. 1995) (in Title VII case brought by female associate against the defendant law firm, trial court erred by admitting evidence that plaintiff suffered the same performance problems at her prior law firm that defendant alleged she exhibited while working there); *see also Conrod v. Bank of New York*, 1998 Dist. LEXIS 11634, *7 n.4 (S.D.N.Y. Jul. 30, 1998) (noting irrelevance of documents relating to attendance, evaluations, and discipline at another employer). Plaintiff's contract position at VOA began in 2006, over one year after the events at issue in this case. Therefore, the only VOA records on Plaintiff which could possibly be relevant to any issues or claims in this case, or could possibly lead to the discovery of admissible evidence, are documents relating to Plaintiff's earnings from VOA, and Plaintiff provided them, as explained above.

       8.       The information provided by Plaintiff in her answers to Defendant's discovery requests negates any need for this subpoena, since Plaintiff has already provided Defendant with information, including her tax returns verifying her income from her contract position at VOA.

       9.       This subpoena will prejudice Plaintiff as she continues to apply for jobs in the Washington, D.C. area within the field of international development, journalism, and broadcasting, including any future positions she may apply for with VOA or other organizations affiliated with VOA.

      WHEREFORE, Plaintiff respectfully requests that the Court quash the subpoena for VOA which Defendant issued on August 14, 2008.

4

        Respectfully submitted,

           /s/ Alan Banov
ALAN BANOV #95059
ANJANETTE M. HAMILTON
Alan Banov & Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910
301-588-9699; fax:  301-588-9698
abanov@banovlaw.com
Attorney for Plaintiff

**MARTENSON, HASBROUCK & SIMON LLP**

DONNA L. KEETON
(404) 909-8121
dkeeton@martensonlaw.com

ATTORNEYS AT LAW
3379 PEACHTREE ROAD, N.E.
SUITE 400
ATLANTA, GEORGIA 30326
TELEPHONE (404) 909-8100
FACSIMILE (404) 909-8120

LABOR & EMPLOYMENT LAW
AND RELATED LITIGATION

August 14, 2008

**VIA OVERNIGHT MAIL**
Voice of America
330 Independence Ave., SW
Washington, DC 20237

Re:   Angel Tabe v. AlliedBarton Security Services, LLC
      Civil Action No. 07-02043 (RMU)

Dear Sir or Madam:

Enclosed please find a Subpoena directing you to produce records relating to the employment and/or independent contractor relationship of Angel Tabe, the Plaintiff in the above-referenced lawsuit. Please note that you need not appear in person, but your obligations under this Subpoena may be satisfied by producing a copy of the requested records on or before August 28, 2008, either to my attention at the address above or to Defendant's local counsel, Amit Sharma, at James E. McCollum, Jr. & Associates, P.C., 7309 Baltimore Avenue, Suite 117, P.O. Box 1717, College Park, MD 20741-1717. *Please also have the appropriate representative sign the enclosed Declaration and return it with the requested records.*

If there is a charge for copying the records requested, please forward the bill for the copy charges together with the records produced to my attention. However, if the copying charges will exceed $50.00, please contact me before proceeding with copy arrangements.

Should you have any questions, please contact me.

Sincerely yours,

MARTENSON, HASBROUCK & SIMON LLP

*Donna L. Keeton*

Donna L. Keeton

Enclosures
cc:   ✓ Alan Banov, Esq. (w/encls.)
      Amit Sharma, Esq. (w/encls.)
      Marty N. Martenson, Esq. (w/encls.)

**EXHIBIT 1**

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

ANGEL TABE

V.

ALLIEDBARTON SECURITY SERVICES

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-02043 (RMU)

TO: Voice of America
330 Independence Ave., SW
Washington, DC 20237

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A.

| PLACE   JAMES E. MCCOLLUM, JR. & ASSOC., PC, 7309 Baltimore Avenue, Suite 117, P.O. Box 1717, College Park, MD 20741-1717 | DATE AND TIME  8/28/2008 4:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Donna L. Keeton* /Attorney for Defendant | DATE  8/14/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Donna L. Keeton, Esq.; Martenson, Hasbrouck & Simon LLP;
3379 Peachtree Road, N.E., Suite 400, Atlanta, GA 30326; (404) 909-8100

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# **ATTACHMENT A**

Any and all documents related to the employment of Angel Tabe (Social Security Number: 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) and/or Ms. Tabe's relationship with Voice of America as an independent contractor and/or freelance reporter, including, but not limited to: any employment or independent contractor agreement(s); the entire contents of her personnel file, medical file and/or workers' compensation file(s); any résumés, application forms, correspondence, reference forms, and/or background forms; any medical limitation/release form(s) or personal/medical leave forms; and any and all documents reflecting pay to Ms. Tabe.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANGEL TABE,                                              )
                                                         )
                Plaintiff,                               )
                                                         )
        v.                                               ) Civil Action No. 07-02043 (RMU)
                                                         )
ALLIED BARTON SECURITY SERVICES,                         )
                                                         )
                Defendant.                               )
_____)

**DECLARATION**

I, _____ [type or print name], say as follows:

That I am the duly authorized Custodian of these records on behalf of Voice of America and have authority to certify said records.

That the copy is a true copy of all the records described in the subpoena.

That the records were prepared by the personnel of the office staff, or persons acting under the control of either, in the ordinary course of business at or near the time of the act, condition or event.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____ day of August, 2008.


_____
Authorized Signature

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
ANGEL TABE,                                )
                                           )
        Plaintiff,                         )
                                           )
        v.                                 ) Case No.1:07-CV-02043 (RMU/AK)
                                           )
ALLIEDBARTON SECURITY SERVICES, LLC,       )
                                           )
        Defendant.                         )
_____)

## **ORDER**

Upon Consideration of Plaintiff's Motion to Quash, Defendant's response thereto, and the record herein, it is this ____ day of September, 2008, hereby

ORDERED that the said motion be and hereby is GRANTED, and that the subpoena which Defendant issued on August 14, 2008, on Voice of America (VOA) is hereby quashed.


                                          _____
                                          RICARDO M. URBINA
                                          UNITED STATES DISTRICT JUDGE

Date: _____

Copies to:

Alan Banov, Esq.
Alan Banov & Associates
8401 Colesville Road
Suite 325
Silver Spring, MD 20910

Marty N. Martenson, Esq.
Donna L. Keeton, Esq.
Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA  30326

James E. McCollum, Jr., Esq.
Amit K. Sharma, Esq.
McCollum & Associates, LLC
7309 Baltimore Avenue, Suite 117
P.O. Box 1717
College Park, MD  20740-1717